UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| In re:<br><br>Yair Israel Babayoff,<br>　　　　　　　　Debtor. | Chapter 11<br><br>Case No. 09-40780-ess |
|---|---|

### APPLICATION

TO: THE HONORABLE ELIZABETH S. STONG,
　　　United States Bankruptcy Judge

　　　The application of Robert J. Musso, (the "Rami Trustee"), by his attorneys, Rosenberg, Musso & Weiner, LLP, respectfully represents:

　　　That your applicant is the trustee in the chapter 7 case of Rami Ribi Babayoff, the father of Yair Israel Babayoff (the "Debtor").

　　　That a voluntary petition for relief under Chapter 11 of Title 11 United States Code filed by the Debtor on February 3, 2009 (the "Filing Date").

　　　The Rami Trustee wishes to conduct an examination of the Debtor.

　　　The Rami Trustee has reviewed the file in the Rami Bibib Babayoff case and met with a creditor of both debtors. Based upon that review, and the information provided by the creditor, the Rami Trustee believes that there have been extensive business dealings between both debtors and that the money used by the Debtor to acquire property may have come from Rami Babayoff and not the Debtor. Both debtors used the same address on their petitions. The Trustee needs to examine the Debtor and obtain documents to determine if there are assets in the name of the Debtor that are property of the Rami Babayoff estate, that can be recovered to pay creditors of the Rami Babayoff estate. The Debtor's Statement of Fiancial Affairs states that Rami Babayoff

supervised and kept his books and records.

Bankruptcy Rule 2004 provides in relevant part as follows:

(b) <u>Scope of Examination</u>. The examination of any person under the rule......may relate only to the acts, conduct or property or the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate.

(c) <u>Compelling Attendance and Production of Documentary Evidence</u>. The attendance of any person for examination and the production of documentary evidence may be compelled in the manner provided in Rule 9016 for the attendance of witnesses at a hearing or trial.

It is respectfully requested that the Trustee be authorized to serve the prefixed Order, this Application and a Subpoena upon the Debtors and their counsel by first class mail, and that such service shall be deemed good and sufficient notice of this Order.

WHEREFORE, the Trustee respectfully requests that the annexed Order be entered for which no other application has been made to this or any other Court.

Dated: Brooklyn, New York
May 19, 2009

Rosenberg, Musso & Weiner, LLP
Attorneys for Trustee of Rami Babayoff

By:  \_\_\_/s/_____
Bruce Weiner (BW-4730)
26 Court Street, Suite 2211
Brooklyn, New York 11242
Tel. No. (718) 855-6840

Cmyfilesfriedmanappl.

## DEFINITIONS AND INSTRUCTIONS

**"Document"** - means and refers to any original and any copy of any (printed typed or other graphic matter of any kind or nature), tape, disc and anything bearing or containing writing, on the original, and including but not limited to, correspondence, memoranda, statements, notes, books, journals, worksheets, telegrams, charts, records of meetings, telephone call, facsimile, or other communication, photographs, audio and video recordings, computer discs or tapes, documents kept on desktops, laptops, or any other type of electronic media, or any other information containing devices of any kind, and any other thing discoverable.

**"Relating to"** - shall mean referring to, concerning, responding to, indicated with, commenting on, regarding, discussing, showing, describing, reflection, implying analyzing, constituting and substantiating.

The document should be produced either in the manner in which they are kept in the ordinary course of the business or separated according to the request to which the documents respond.

If any document requested was, but is no longer in your possession or subject to your control, state what disposition was made of it.

This request is a continuing one and if any documents come into your possession after the date documents are produced, you will within ten (10) days produce them for counsel to the Trustee pursuant to this request.

To the extent any document is withheld on any claim of attorney - client or other privilege, there shall be set forth in writing information sufficient to identify the withheld documents, to evaluated the claim of privilege, including, without limitation the author or preparer of such documents; the date of the document; the subject matter of the document.

A request for a document shall be deemed to include a request for any and all transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document, in addition to the document itself.

SCHEDULE OF DOCUMENTS

1. Any and all bank statements and canceled checks for all accounts in which the Debtor had an interest, both jointly and individually, from January 1, 2004 to present.

2. Any and all bank statements and canceled checks for all accounts for 1416 Putnam Avenue LLC and YAD 14 LLC, from January 1, 2004 to present

3. All documents relating to the real property at 1416 Putnam Avenue, Brooklyn, New York, including deeds, mortgages, title documents, purchase agreements, loan documents, leases, and the source of fund used to purchase 1416 Putnam Avenue.

4. All books and records of 1416 Putnam Avenue LLC and YAD 14 LLC, including stock books, account books, ledgers, loan documents, officer loan accounts, contracts, job estimates, advertising bills, and all documents relating to loans owed to shareholders from January 1, 2005 to present.

5. All documents relating to the real property at 609 Sutter Avenue, Brooklyn, New York, including deeds, mortgages, title documents, purchase agreements, loan documents, leases, including the mortgage on 609 Sutter Avenue, Brooklyn given by Parviz Rafail Mehr to the Debtor and the source of funds used to purchase 609 Sutter Avenue.

6. All documents relating to the apartment at 69-09 138th Street, Flushing, New York, including deeds, mortgages, title documents, purchase agreements, loan documents, leases, stock certificates, security agreements, and the source of fund used to purchase the apartment at 69-09 138th Street, Flushing, New York.

7. All insurance policies maintained by the Debtor or any entity in which the Debtor had an interest, including property, vehicle, and life insurance, for the period January 1, 2005 to date.

8. All credit card statements for any account in the name of the Debtor, either individually or jointly, for the period January 1, 2006 to date.

9. All documents from the 7A proceeding brought by the City of New York with respect to the property at 1416 Putnam Avenue, including pleadings, deposition transcripts, hearing transcripts, documents received or sent in response to discovery demands, reports, etc.

10. All federal, state, and local tax returns for the Debtor for the years 2004 to date.

13. All federal, state, and local tax returns for 1416 Putnam Avenue LLC, for the

year 2004 to date.

Cmyfilesfriedmanappl.

14. All federal, state, and local tax returns for Yad 14 LLC for the years 2004 to date.

15. All documents from the malpractice action brought by the Debtor against Asher Taub, including pleadings, bills of particular, deposition transcripts, hearing transcripts, documents received or sent in response to discovery demands, reports, etc.

16. All documents from the actions brought by Solomon Fachlayev against Rami Babayoff and the Debtor in Radatz (Rabbinical Court) of the Kollel Avreichim and Yesiva, including pleadings, bills of particular, deposition transcripts, hearing transcripts, documents received or sent in response to discovery demands, reports, etc.

17. All documents relating to the real property at 327 Inverness Parkway, Englewood, Colorado, including deeds, mortgages, title documents, purchase agreements, loan documents, leases, including the source of funds used to purchase that property.

18. All documents relating to the following entities, Dial Car, Inc., Chery Line Discount Corp., Natan's Corner Deli, Inc., 609 Sutter Avenue LLC, Bryse Taxi, Inc.

19. All documents relating to all vehicles owned by, leased by, or used by the Debtor or Rami Babayoff, including the 2006 Chevrolet Truck, the 2001 Ford Crown Victoria, The 2005 Toyaota Scion, the 2007 Lincoln Town Car, the 2003 Lincoln Town Car, the 2001 Lincoln Town Car, and the 2000 Lincoln Town Car.