| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>-------------------------------------------------------x<br>In re:<br><br>Yair Israel Babayoff,<br><br>                Debtor.<br>-------------------------------------------------------x | Return Date: June 19, 2009 @ 9:30 a.m.<br><br>CHAPTER 11<br><br>CASE NO. 09-40780-ess |

**TRUSTEE'S RESPONSE TO DEBTOR'S LETTER
DATED JUNE 5, 2009 OBJECTING TO TRUSTEE'S REQUEST
FOR A RULE 2004 EXAMINATION OF THE DEBTOR**

      Robert J. Musso ("Trustee") of the estate of Rami Bibi Babayoff (the "Chapter 7 Debtor"), by his attorneys, Rosenberg, Musso & Weiner, respectfully represents:

      1. The Trustee is the duly qualified and acting trustee of the Chapter 7 Debtor's estate. The Trustee files this response to the letter of Yair Israel Babayoff (the "Chapter 11 Debtor") to the Court dated June 5, 2009, in which the Debtor objected to the Trustee's request for an examination of the Chapter 11 Debtor pursuant to Federal Rule of Bankruptcy Procedure 2004 ("Rule 2004"). The chapter 7 Debtor is the father of the Chapter 11 Debtor.

      2. The Chapter 11 Debtor filed a voluntary Chapter 11 petition on February 3, 2009 ("Filing Date"). The Debtor scheduled his mother, the Chapter 7 Debtor's wife, as a creditor in his schedules. The Trustee met with Solomon Fachlaev ("Fachlaev") who is a creditor of both estates. Fachlaev gave the Trustee a decision of June 2008 of a Rabbinical Court which found that both Debtors are liable to Fachlaev in the amount of $385,000. Fachlaev also told the Trustee that the Chapter 7 Debtor is the person who makes all of the business decisions for the Chapter 11 Debtor, was the person who supplied the money for all of the property and businesses

1

owned by the Chapter 11 Debtor, and is the equitable owner of all of the assets in the name of the Chapter 11 Debtor.  The Trustee decided to investigate the Chapter 11 Debtor to see if any of his assets are assets of the Chapter 7 Debtor's estate and also to see if the Chapter 11 Debtor owes money to the Chapter 7 Debtor.

3. 11 U.S.C. §704 lists the duties of a chapter 7 trustee, including investigating the financial affairs of the debtor and collecting and reducing to money all property of the estate. Trustees use Rule 2004 to obtain information from debtors about their assets and financial affairs. Rule 2004 states that on motion of any party in interest, the court may order the examination of the debtor as to the acts, conduct, property, and financial condition of the debtor. A examination of a debtor is "exceptionally broad" and not subject to the procedural safeguards of Federal Rule of Civil Procedure 26.  *In re GHR Energy Corp.*, 33 B.R. 451, 453- 454 (Bankr. D. Mass. 1983).  A Rule 2004 examination has been compared to a "fishing expedition."  *Id.*  The purpose of the rule is to assist a trustee in discovering the nature and extent of the estate, ascertaining assets, and discovering whether any wrongdoing occurred. *In re Bennett Funding Group, Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996).

4. The Trustee has an affirmative duty to investigate the Chapter 11 Debtor's affairs because he is a party in interest in this case.  As part of that investigation, the Trustee was informed that the Chapter 11 Debtor and the Chapter 7 Debtor's financial affairs were intertwined. The Trustee would be derelict in his duties if he did not investigate.  The Chapter 11 Debtor in his objection states that his parents helped him purchase property and supported him financially.  The Chapter 11 Debtor listed his mother as a creditor, although she has no income, and the Trustee believes that any money loaned by her to the Chapter 11

Debtor came from the Chapter 7 Debtor. Even if none of the information given to the Trustee turns out to be correct, the Trustee has a duty to investigate the financial affairs of both Debtors. The Chapter 11 Debtor filed a voluntary petition and has a duty to make all of his financial information available to creditors and parties in interest. A Rule 2004 examination is the best method for the Trustee to investigate the financial affairs of both Debtors, and to discover assets and such examination is warranted under the facts and circumstances of this case.

     5.   The Trustee respectfully submits that the Chapter 11 Debtor's objection to the Trustee's Rule 2004 request is without merit and is nothing more than both Debtors attempting to prevent the Trustee from investigating their financial affairs. The Chapter 11 Debtor is acting in bad faith and his objection should be denied.

     Wherefore, it is respectfully requested that this Court deny the Chapter 11 Debtor's objection to the Trustee's Rule 2004 request, and grant such other relief as is just and proper.

Dated: Brooklyn, New York
       June 16, 2009

                      ROSENBERG, MUSSO & WEINER, LLP
                      Attorneys for Trustee of Rami Babayoff

                  By:   /s/
                      Bruce Weiner (BW 4730)
                      26 Court Street, Suite 2211
                      Brooklyn, New York 11242
                      (718) 855-6840