Rachel S. Blumenfeld (RB 1458)
Law Office of Rachel Blumenfeld
26 Court Street, Suite 2400
Brooklyn, New York 11242
(718) 858-9600

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                                               :
                                                                         :      Chapter 11
YAIR ISRAEL BABAYOFF a/k/a                      :
YAHER ISRAEL BABAYOFF                            :      Case No. 09-40780
                      Debtor.                                 :
------------------------------------------------------------x

**AFFIRMATION OF RACHEL S. BLUMENFELD IN RESPONSE TO DEBTOR'S MOTION TO DISQUALIFY ATTORNEY GREGORY MESSER, ESQ., AND RACHEL BLUMENFELD, ESQ., OF COUNSEL AS ATTORNEY FOR CREDITOR SOLOMON FACHLAEV BASED ON PREVIOUS CONSULTATION**

Rachel S. Blumenfeld, a member of the Bar of the State of New York and of the United States District Courts for the Southern and Eastern Districts of New York, hereby affirms the following to be true, under penalty of perjury:

1. I am an attorney with offices located at 26 Court Street, Suite 2400, Brooklyn, New York. I share office space with Gregory Messer, Esq., attorney for a creditor in this proceeding, Solomon Fachlaev (the "Creditor"). While I have a separate law practice from Mr. Messer, we have shared office space for approximately five (5) years.

2. Mr. Yair Israel Babayoff a/k/a Yaher Israel Babayoff (the "Debtor") complains that Mr. Messer should disqualify himself from representing the Creditor since the Debtor allegedly consulted with me on his case. Specifically the Debtor claims:

a) We spoke by telephone in July of 2007. I have no recollection of any telephone call with the Debtor. I have checked my records and I have no record of any such conversation or contact with him and I have no record of any scheduled appointment with him. It is not unusual for potential client's to contact me about a possibility of retaining me. It is not my practice to have telephone conversations of substance with potential clients. My practice is to invite them to meet with me and to bring with them relevant documents. If the Debtor contacted me, there is no reason to believe that the conversation went beyond the superficial or that an appointment was made. Neither before my recent court appearance nor after that appearance did I communicate anything I learned from the Debtor. The fact is that I had nothing to communicate since I am not aware that we actually had any prior contact.

b) At the hearing held in Court on August 14, 2009 the Debtor also stated that we had a consultation in the § 341 waiting room. When the Debtor approached me in the § 341 waiting area, I had no idea who he was, I did not know his name, and it is noteworthy that the Debtor did not, at that time, claim that he had ever previously communicated with me, nor did he even tell me his name.

3. The Debtor's Motion to Disqualify should not be granted. Motions for Disqualification "are generally viewed with disfavor…[and] a party seeking disqualification must meet a high standard of proof before disqualification will be granted." See Marshall v. State of New York Div. of State Police, 952 F. Supp. 103, 106 (N.D.N.Y. 1997). Additionally, "[u]pon considering a disqualification motion, courts must balance a client's right to the counsel of his choice against the goal of preserving the integrity of the adversary process." See Witorsch

v. Notaris 1997 U.S. Dist. LEXIS 12805 (SDNY 1997). The Debtor has not met his burden in this case.

    4. Additionally, according to the Rules of Professional Conduct, I do not believe that the Debtor was a former client. When a potential new client calls the office, I speak with the potential client, possibly answer general inquiries, and see whether or not it is a matter I may or may not wish to handle. The Comments for the Rules of Professional Conduct, Rule 1.18 discuss various prospective-client situations:

> Comment [1] for the Rules of Professional Conduct, Rule 1.18 states that:
>
> Prospective clients, like clients may disclose information to a lawyer, place documents or other property in the lawyer's custody, or rely on the lawyer's advice. A lawyer's discussions with a prospective client usually are limited in time and depth and leave both the prospective client and lawyer free (and sometimes required) to proceed no further. Hence, prospective clients should receive some but not all of the protection afforded clients.
>
> Comment [2] for the Rules of Professional Conduct, Rule 1.18 states that:
>
> Not all persons who communicate information to a lawyer are entitled to protection under this Rule. A person who communicates information unilaterally to a lawyer, without any reasonable expectation that the lawyer is willing to discuss the possibility of forming a client-lawyer relationship, is not a "prospective client" within the meaning of paragraph (a).
>
> Comment [6] for the Rules of Professional Conduct, Rule 1.18 states that:
>
> Even in the absence of paragraph (c), the lawyer is not prohibited from representing a client with interests adverse to those of the prospective client in the same or a substantially related matter unless the lawyer has received from the prospective client information that could be significantly harmful if used in the matter.

    5. Even if there were an attorney-client relationship formed between the Debtor and me, which I stress there was not, I have not revealed any information to Mr. Messer or the Creditor that the Debtor would have told me. As already noted, I have no recollection of the Debtor

communicating any substantive information to me, so there was nothing for me to tell Mr. Messer or the Creditor.

6. It is noteworthy that, as to both conversations that he alleges he had with me, the Debtor provided only a conclusory generalization as to what it is he claims to have told me. As to the first alleged conversation, since I have no recollection of such a conversation, I can only say that there is no likelihood that he told me anything of substance (if in fact any conversation occurred), and, in any event, he cannot be prejudiced since I have had no recollection to communicate to Mr. Messer. As to the second conversation, which recently occurred at the Bankruptcy Courthouse, I can say, unequivocally, that he told me nothing of a privileged nature. He came up to me, did not tell me his name, did not tell me he ever spoke to me before, did not call me by my name, and asked me a general question to which I responded. That was all there was to it.

7. Since Mr. Messer was engaged in Court elsewhere on August 14, 2009, the morning of the hearing in this matter, I was asked to appear "of counsel" to request an adjournment. At the time I was asked, I had no knowledge that there was even a remote possibility of a conflict as I did not recognize the Debtor's name, as I do not recall that the Debtor ever told me his name.

8. Finally, as the Court service list indicates I was not given notice of the Debtor's Motion, and I wish to be given notice of any proceedings as they relate to any accusations against me.

9. The Debtor's Motion to Disqualify Gregory Messer should be denied since it is totally lacking in any detail concerning the nature of the facts communicated that are claimed to have been subject to privilege.

Dated: Brooklyn, New York
August 25, 2009

                                              */s/ Rachel S. Blumenfeld*
Rachel S. Blumenfeld, Esq.
Law Office of Rachel Blumenfeld
26 Court Street, Suite 2400
Brooklyn, New York 11242
(718) 858-9600