UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In Re:

Chapter 7
Case No. 09-40780

Yair Israel Babayoff a/k/a Yaher Israel Babayoff

-----------------------------------------------------------------x

### REPLY AFFIDAVIT TO GREGOREY MESSER'S AND RACHEL BLUMENFELD RESPONSE TO DEBTOR MOTION TO DISQULIFY COUNSEL DUE TO CONFLICT OF INTEREST

STATE OF NEW YORK     )
                      ) SS.:
COUNTY OF NEW YORK    )

I Yair Israel Babayoff, affirms, deposes and says

1- On July 16th 2007 prior to debtor filing the 1st Chapter 7 case I purchased the bankruptcy's forms from Court Street Office Supplies Inc. located at 26th Court Street Brooklyn NY. 11242 for filing the case pro-se because of my current financial hardship on July 19th 2007 those forms were returned to the store because the forms that were sold to me were dated 2006 **(Exhibit A)**

2- While at the store both the 1st 2nd and 3rd times the clerk in the back section who handles the copies inquired about debtor's status and referred me to Ms. Rachel Blumenfeld ESQ. by giving me her cell phone # with **718-33X-4XX4** (some numbers are crossed out not to reveal the attorney's private cell phone number).

3- Debtor believes that the clerk from the store contacted her form his Cell phone number and then later on both debtor and debtor's father contacted her to discuss the case

4- During the first conversation which lasted at least 10 minutes while the clerk was making copies I discussed with Ms. Rachel Blumenfeld in detail about my case I told her my name and all my information and explained to her my financial hardship about even

paying her the legal fees's and asked at the end of explaining both problems unsecured creditor which is currently the "of counsel" client there was a problem of the retainer and Ms. Rachel Blumenfeld kindly stated that the funds have to paid all in full prior to the filing and not in installments and she then indicated that if you need help on matters I could see her at the court house from time to time as she stated she is usually either at 341 meetings or at inside a court room on cases. The debtor had an interest in retaining Ms. Rachel Blumenfeld but the debtor was in Financial Hardship because of actions That were undertaken at that time by the unsecured creditor Solomon Fachlaev

5- Throughout debtors 2 cases debtor did see Ms. Rachel Blumenfeld and debtor did discuss with her details about the case and debtor father current bankruptcy cases as mentioned in the original motion dated August 18th 2009

6- Rachel Blumenfeld asserts that I never spoke to her so the question that the debtor has to Ms. Rachel Blumenfeld is how did debtor obtain her private cell phone number? either to assume I called her office and Ms. Blumenfeld called me back on my cell phone number or I the person in the copy machine store gave me her number to which the clerk called for me and I spoke to her and I later called her back.

7- Ms. Rachel Blumenfeld not recognizing me is not a true fact according to the debtor Based on the debtor constantly seeing her in the bankruptcy court and speaking to her From time to time.

8- In Ms. Rachel Blumenfeld's response it is indicated that on the 1st paragraph

> "I am the attorney with offices located at 26 Court Street, Suite 2400 Brooklyn New York I share an office with Gregory Messer Esq., attorney for the creditor in this proceeding Solomon Fachlaev (the "creditor"). While I have a separate law practice from Mr. Messer We have shared office space for approximately five (5) years"

This is not what Mr. Messer indicates in his response on paragraph 7.

> "It is accurate that I have shared office space with Ms. Blumenfeld for The past five years and that she will occasionally do work on some of

my cases."

Debtor believes and see based on the two affirmations that there are some inconsistencies Ms. Blumenfeld does not indicate that she does work for Mr. Messer only that she shares Office space and has a separate practice while Mr. Messer indicates that she shares an Office space and does to work for him occasionally if Mr. Messer uses Ms Blumenfeld's Expertise on a case there implies the issue of a conflict.

9-On August 13th 2009 based on my sole allegation and Ms Rachel Blumenfeld's response that The were only on "general terms" the court excused her appearance on further matters of the case unequivocally the court did not request for the Debtor to make further applications based on my allegation to disqualify Ms. Rachel Blumenfeld and she was directed withdraw from the ongoing proceeding that took place after she left. The court is asking only to substantiate that the fact that there were discussions with Ms. Rachel Blumenfeld is that a basis to have Mr. Messer disqualified from the case.

10- Debtor believes that even if the court will deny debtor's motion to disqualify it will ultimately bar Ms. Rachel Blumenfeld from having discussions with Mr. Gregory Messer from on the case but that arises a concern to the debtor if Mr. Gregory Messer already admitted in his affirmation that he gives Ms. Rachel Blumenfeld his case load it seems to the debtor that the conflict of interest and protecting the debtors conversation's with Ms. Rachel Blumenfeld will be gratefully exposed and it would be a great disadvantage to the Debtor.

11- Mr. Gregory Messer nor Ms. Rachel Blumenfeld did not address the issue of the Creditor Hiring the Counsel Asher E. Taub and or Atlases and Taub PC also divulging details about The status of 1416 Putnam Avenue Brooklyn NY. Even though these attorneys's had no involvement But Debtor believes it creates now a pattern against the Debtor.

12- Debtor also believes that when someone would hire or consult with Ms. Rachel Blumenfeld The bankruptcy court system if with that knowledge of Rachel Blumenfeld consultation or

Hiring would automatically remove Gregory Messer as a possible Trustee.

13- As for Rachel Blumenfeld response with case laws even a prospective clients have some rights afforded to him and debtor believes that one of those rights is and as stated earlier Debtor wanted to retain Ms. Rachel Blumenfeld but did not have the funds at that time

14- Even in late October- November 2007 right before Debtor Retained Gary Fischoff Ms. Rachel Blumenfeld was with David Doyaga Sr. that day and I spoke to Ms. Blumenfeld during the interim About change of my Financial status and Debtor believes that Ms. Rachel Blumenfeld stated that she was unable to help me due to the fact that there was going to be a Problem with a retainer which ultimately there was not.

15- Debtor believes that all consultations with Ms. Rachel Blumenfeld are harmful to the debtor if divulged to the adversary side

16- Ms. Rachel Blumenfeld and Mr. Gregory Messer have also a financial interest to produce Results for the Mr. Solomon Fachlaev and will try any way they can

17- Ms. Rachel Blumefeld has much as she denies consulting with me does not does not want to Make a notice of appearance on my case which Debtor believes that even Ms. Blumenfeld Ultimately cannot deny a consultation with crucial facts that were stated to her by debtor On the case. **(Exhibit B)**

17- Debtor preys that the motion to disqualify is granted and allowing creditor to obtain new Counsel and to provide the court with a list of attorney's that I consulted with.

Yair Israel Babayoff

Sworn to before me this
26th day of August, 2009

Isaac N. Zachter
Notary Public

Isaac N. Zachter
Notary Public, State of New York
Qualified in Queens County
No. 01ZE6190425
My Commission Expires September 15, 2012

# EXHIBIT A



Chase.com | Contact Us | Privacy Policy | LOG OFF

Tuesday, August 25, 2009



My Accounts > Account Details > Transaction Details

## Transaction Details

○ Help with this page

**Review the details for the transaction you selected.** You may assign an expense category or add a note to the memo field. Click "Save Details" to submit.

**Transaction Details**

Success!

The changes you made to the Memo/Expense Category for this transaction were successful.

| | |
|---|---|
| Amount | $45.50   7/16/2009 |
| Post Date | 07/18/2007 |
| Type | Sale |
| Description | COURT STREET OFFICE SU |
| Transaction Number | 1407491351 |
| Memo | Chapter 7 Case filings |
| Expense Category | Legal & Professional |

**I'd like to...**
- See account activity
- Pay credit card
- See statement
- Transfer balances
- Go to Account Alerts
- Change bill due date
- See Pay From accounts
- Download activity
- Add employee card
- Set spending limit
- Create expense reports
- See Quarterly Management Reports
- See/cancel payments
- See automatic payments
- Manage accounts
- See fewer choices

 

Security | Terms of Use | Legal Agreements

© 2009 JPMorgan Chase & Co.

# CHASE ◯

Chase.com | Contact Us | Privacy Policy | **LOG OFF**

Tuesday, August 25, 2009

My Accounts > Account Details > Transaction Details

## Transaction Details

○ Help with this page

**Review the details for the transaction you selected.** You may assign an expense category or add a note to the memo field. Click "Save Details" to submit.

**I'd like to...**
- See account activity
- Pay credit card
- See statement
- Transfer balances
- Go to Account Alerts
- Change bill due date
- See Pay From accounts
- Download activity
- Add employee card
- Set spending limit
- Create expense reports
- See Quarterly Management Reports
- See/cancel payments
- See automatic payments
- Manage accounts
- See fewer choices

**Transaction Details**

Success!

The changes you made to the Memo/Expense Category for this transaction were successful.

| | |
|---|---|
| Amount | $3.58   7/18/2007 |
| Post Date | 07/20/2007 |
| Type | Sale |
| Description | COURT STREET OFFICE SU |
| Transaction Number | 1409071486 |
| Memo | Chapter 7 Case filings |
| Expense Category | Legal & Professional  |

Security | Terms of Use | Legal Agreements

© 2009 JPMorgan Chase & Co.



Chase.com | Contact Us | Privacy Policy | LOG OFF

Tuesday, August 25, 2009

My Accounts > Account Details > Transaction Details

## Transaction Details

○ Help with this page

**Review the details for the transaction you selected.** You may assign an expense category or add a note to the memo field. Click "Save Details" to submit.

**Transaction Details**

Success!

The changes you made to the Memo/Expense Category for this transaction were successful.

7/19/2007

| | |
|---|---|
| Amount | $-45.50 |
| Post Date | 07/22/2007 |
| Type | Return |
| Description | COURT STREET OFFICE SU |
| Transaction Number | 1410038653 |
| Memo | Chapter 7 Case filings |
| Expense Category | Legal & Professional |

**I'd like to...**
- See account activity
- Pay credit card
- See statement
- Transfer balances
- Go to Account Alerts
- Change bill due date
- See Pay From accounts
- Download activity
- Add employee card
- Set spending limit
- Create expense reports
- See Quarterly Management Reports
- See/cancel payments
- See automatic payments
- Manage accounts
- See fewer choices

 

Security | Terms of Use | Legal Agreements

© 2009 JPMorgan Chase & Co.

https://cards.chase.com/SmallBusiness/SBMemoDetails.aspx?AI=190136734    8/25/2009

# EXHIBIT B

# Rachel S. Blumenfeld
## Attorney at Law
26 Court Street, Suite 2400 • Brooklyn, New York 11242
718.858.9600 • rblmnf@aol.com

August 25, 2009

Chambers of the Honorable Elizabeth Stong
United States Bankruptcy Court
Eastern District of New York
271 Cadmen Plaza East
Brooklyn, New York

Attention: Ms. Sheri Jackson

      Re:    Yair Israel Babayoff a/k/a Yaher Israel Babayoff
                <u>Ch. 11 Case No: 1-09-40780 (ESS)</u>

Dear Ms. Jackson:

      A hearing on the Debtor's Motion to Disqualify Attorney Gregory Messer, Esq., and myself as Counsel/Attorney for Creditor Solomon Fachlaev in the above referenced matter is scheduled for August 31, 2009 at 9:30 a.m. I will be out of town for the week of August 31st, and would respectfully request that the hearing is adjourned to a date and time convenient for all parties to participate.

      I also note, that under the circumstances, I do not wish to file a Notice of Appearance, but I would request being given notice by all parties of any proceedings and copies of any papers filed in this matter that relate to me.

      Please feel free to call me with any questions or concerns.

                                  Respectfully,

                                  */s/ Rachel Blumenfeld*

                                  Rachel Blumenfeld

cc:    Valerie Millman, Esq., Office of the United States Trustee
       Bruce Weiner, Esq., Rosenberg, Musso & Weiner, LLP
       Mr. Rami Babayoff
       Mr. Yair Israel Babayoff
       Gregory Messer, Esq.
       Robert J. Musso, Esq., Rosenberg, Musso & Weiner, LLP