UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In Re:

                                                                    Chapter 11
                                                                    Case No. 09-40780  *ess*

Yair Israel Babayoff a/ka Yaher Israel Babayoff


-----------------------------------------------------------x

**NOTICE OF MOTION TO VACATE DEFAULT JUDGMENT FROM PETER NAKOS AS A CREDITOR , CHALLANGING THE PROOF OF CLAIM AND ISSUING TEMPORARY RESTRAINING ORDER BARRING HIM OR HIS COUNSEL TO EXERCISE HIS POWERS AS A CREDITOR PENDING THE OUT COME OF THE DEBTORS MOTION**

      PLEASE TAKE NOTICE that upon the annexed Application filed by the Debtor for an Order Approving the discharge of Peter Nakos's Default Judgment from Housing Court based on the debtor never appearing in court due to an emergency that day which the Debtor's father advised the court , Debtor never being served of the with the actual decision, and for the Decision being defective and with out merit to which the debtor will demonstrate.
and upon the annexed affidavit of Yair Israel Babayoff affirmed October 20th 2009 the undersigned will present for an order granting the Motion to the Honorable Elizabeth S Stong, United States Bankruptcy Judge, for signature on November 18th 2009 at 9:30 a.m.

      PLEASE TAKE FURTHER NOTICE that unless a written objection to the Motion is filed with the Bankruptcy Court electronically in accordance with General Order M-242 (General Order M-242 and the Users' Manual for the electronic case filing system can be found at www.nysb.uscourt.gov, the official website for the bankruptcy court), by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), Wordperfect or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), and served in accordance with the General Order M-242, and shall be served upon (a) Yair Israel Babayoff 69-09 138th Street Apt#3D Flushing

New York 11367-1603 (b) the Office of the United States Trustee for the Eastern District of New York, and shall be filed with the Clerk of the United States Bankruptcy Court for the Eastern District of New York, in each case to allow actual receipt by each of the foregoing no later than November 1st 2009 at 5:00p.m., there will not be a hearing and the order may be signed.

PLEASE TAKE FURTHER NOTICE that if a written objection is timely served and filed in accordance with the previous paragraph, a hearing will be scheduled.

Dated: October 20th 2009

By: _____

Yair Israel Babayoff Pro-se Debtor
69-09 138th Street Apt# 3D
Flushing NY. 11367-1603
(917) 577-4623

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In Re:

                                                                  Chapter 11
                                                                   Case No. 09-40780

Yair Israel Babayoff a/ka Yaher Israel Babayoff

-----------------------------------------------------------------x

**AFFIRMATION IN SUPPORT VACATE DEFAULT JUDGMENT FROM PETER NAKOS AS A CREDITOR , CHALLANGING THE PROOF OF CLAIM AND ISSUING TEMPORARY RESTRAINING ORDER BARRING HIM OR HIS COUNSEL TO EXERCISE HIS POWERS AS A CREDITOR PENDINGTHE OUT COME OF THE DEBTORS MOTION**

STATE OF NEW YORK    )
                               ) SS.:
COUNTY OF NEW YORK  )

        Yair Israel Babayoff, affirms, deposes and says:

### BACKROUND

1- Debtor purchased building location 1416 Putnam Avenue Brooklyn NY. 11237-6063 on September 29th 2005 **(Exhibit A)**

2- Unbeknown to the Debtor at the time of the closing and prior of the Debtor acquiring the property a 7A Administrator also known as (Peter Nakos) was already appointed to the property effective May 2005 by petition of Department of Housing Preservation Development also known as (HPD) pursuant to CPLR law Article 7-A Under New York State Housing Court Index No. 1293-2005 **(Exhibit B Order Appointing The 7A Administrator)** HPD who is the petitioner is currently a creditor too.

3- The location had no mortgage filed by local municipalities only the unsecured debt of Creditor Solomon Fachlaev.

4- With relentless efforts of the Debtor, his father Rami Ribi Babayoff and attorneys who were previously employed by HPD filied motions and plans were submitted to Housing Court to correct the conditions including proof of funds from outside sources but all motions were denied

5- In March of 2007 a Stipulation was entered that provided the Debtor pays all outstanding liens

Owed to the Department of Finance the building would be discharged from the 7A Program **(Exhibit C)**

6- In July of 2007 a mortgage with Sovereign Bank which was suppose to close and pay HPD $400,000.00 and pay Solomon Fachlaev $100,000.00 which he agreed infront of witnesses was Brought to a halt due to the filing of Lis Pendis by Solomon Fachlaev

7- Subsequently Debtor filed for his first Chapter 7 Bankruptcy Petition under Case # 07-43830 HPD and all creditors were sent notice by the court. **(Exhibit D)**

8- At the time of filing the first bankruptcy petition The Court and the Chapter 7 Robert Geltzer Were aware of all debtor's assets including 1416 Putnam Avenue Brooklyn NY 11237-6063 which Was at the time under the control oh HPD through the 7A program **(Exhibit E Poor mans relief order Transcript copy of the first 341 meeting telling Robert Geltzer on Record that Debtor Stated Property was under the 7A program)** As far as the Debtor is concerned despite all the allegations That Robert Geltzer made as to the Debtor not complying with the Bankruptcy procedure the court And the trustee were all aware of the main asset that was owned by the debtor.

9- Debtor then received notice from HPD through there own petition despite there knowledge of My Chapter 7 proceeding and filed a motion in New York State Housing Court in 409 Part B a motion Requesting the discharge of the 7A Administrator to which the Judge Granted the Motion **(Exhibit F Application for discharge and Order granting Discharge)**

10- As Stated in the order that was signed discharging the building into the Debtor's control

> *(Paragraph 2)* "That Yair Israel Babayoff shall assume all responsibilities for payment of
> All legitimate and ongoing debts and accounts incurred by Peter Nakos
> During his Tenure as Administrator of 1416 Putnam Avenue"

Despite the Stay from Bankruptcy Court the Administrator was already stayed from State Court and the administrator disbursed funds of close to $63,000.00 which he was not entitled to do not only that but the administrator also applied for funds to pay off contractors after the order was signed **(Exhibit G)**

11- During the Chapter 7 Proceeding and after the appearance of Gary Fischoff stating that Debtor or

Debtor's Estate was in control of the property no objection was sited by any interested party namely The Chapter 7 Trustee Solomon Fachlaev and HPD no motions were ever submitted to the court in opposition of my control of the building or Stating that in the past or present Debtor violated the automatic stay or any Bankruptcy code contrary to what the ex 7A Administrator's attorney references to in all of his papers filed in Housing Court.

12- Prior to the Bankruptcy court granting Gary Fischoff's motion to dismiss or convert the attorney of the ex administrator made a notice of appearance requesting that Debtor to remain in Bankruptcy and for the ex-7A Administrator to be re-appointed on the grounds that the Debtor violated the automatic stay.

13-The Attorney for the ex-7A Administrator filed a motion in Housing Court asking that the Discharge Order **Exhibit F** to be voided based on the Debtor violating the automatic stay and the original order **Exhibit B** that the legal fee's for this particular matter to be paid by the Debtor because it involves a 7A matter. **(Exhibit H Ex-7A Administrator's 1st Motion)**

14- Debtor's attorney filied a motions and affirmations in Housing Court for the funds to be reversed because the Administrator violated the discharge order and applied for, and disbursed Funds when he did not have the authority, the Automatic Stay does not apply because it is only for the Harm of the Debtor and a 7A proceeding is exempt from the Section 362 of the US Bankruptcy code because it is a police or regulatory power proceeding **(Exhibit I Gary Fischoff Motion and affirmation)**

15- During all of these proceeding HPD remained silent as to filing any motions It is the sole belief of Debtor that any proceeding to reactivate the 7A can only be done by application of either one third of the Tenants or HPD an Discharged administrator has no legal capacity to ask for a reappointment or to request the court to void or amend and order.

16- The Judge issued a interim decision that the Administrator could present a motion for Legal Bills **(Exhibit J)**

17- The ex-Administrator's attorney filied a new motion for legal fee's **(Exhibit K)**

18- The ultimate Decision was that debtor's motion was denied and Nakos's was granted **(Exhibit L)**

19- The court directed for a separate hearing to be conducted for legal fees to pay the Discharged 7A Administrator

20- On the Day of the motion Debtor was unable to attend due to a medical emergency **(Exhibit M** *Copy of medical letter which is hereby submitted to the court only is only for the purpose of the Debtor's inability to attend that particular court date no other use is here by inference by the debtor)* Debtor's Father was at the court to explain where I was and the presiding judge had debtors father ejected only to grant a default judgment to the discharged 7A administrator.

21- Debtor was never served with the decision

23- After receiving Marshals Notice Debtor went to Housing Court and the judge refused to entertain or Even for the debtor to submit any application due to the Bankruptcy court application and stated that the 7A Administrator is not in effect anymore.

24- The attorney for the Discharged 7A Administrator filied a Notice of Claim pursuant to the Bankruptcy Code which now the Debtor wishes to challenge **(Exhibit N)**

### ARGUMENTITVE STATEMENTS

22- In cases where a debtor is unable to attend to the court due to a medical emergency with the court having that Knowledge and still grant a default judgment against the debtor, debtor believes that it is a violation of his civil rights for a person to have a fair trial.

23- Debtor was never served with the actual Judgment.

24- In Recent review of the decision. the affidavit signed by the attorney for the Discharged 7A Administrator States "there was a technical difficulty in obtaining a transcript and there is no transcript" to appeal or reargue the case even, Debtor believes that if that is such the Decision and Judgment should be vacated or voided based on no Transcript. **(Exhibit O)**

25- When the Housing Court judge denied debtor's motion how come the administrator was not reappointed?

26- A Discharged 7A Administrator cannot ask for legal fee's when the Debtor had a right to bring A motion in regards to funds that the Debtor believes the Administrator had no right to handle

Furthermore the order appointing the ex 7A Administrator only addresses that an Administrator

Is only entitled to legal fee's when he need to do a holdover procedure on a Tenant as far as any wrong

Doing by the administrator during his Tenure, the Administrator has a fiduciary responsibility as any

appointed administrator, the Debtor has the right to question him and to bring motions against him.

27- Debtor believes that when Legal fee's are granted to the adversary side which succeeds in proving

That the party has brought frivolous motion or that the party has lost the case, Debtor did not bring

A frivolous case and the Administrator's motion was not granted to the fullest extent

28- Debtor believes that an Administrator who is discharged has no say or powers to reargue a case

Against the building owner until HPD requests the court to reappoint him.

29- At the time of the Discharge HPD knew of the debtor's first Chapter 7 Bankruptcy petition they

still decided To discharge the building anyway the Debtor was never a party to this motion

30- At the time that Judge Gonzalez's order was signed Peter Nakos as the ex 7A Administrator and

HPD Voiced no objection as in to the discharge and what the ex administrator is now asking is to amend

A previously signed order of 2005 order appointing the administrator and voiding the discharge order just

to protect his interest is beyond the legal scope of the ex-administrator

31- After doing research Debtor found Bankruptcy case discussing the same issue with a 7A under

Case # 07-12691 and 07-12692 where during an proposed appointment of a 7A Administrator which was

Peter Nakos in New York county Housing Court the building Owner filed for Bankruptcy under

Chapter 11 and HPD together with the court ultimately agreed that a 7A proceeding is not

subject to the Automatic Stay because of exactly what Gary Fischoff stated that of Police and

Regulatory powers which the decision was made in October 2007 a year before the Debtor's

housing court decision witch Debtor believes has precedent over a State Court **(Exhibit P)**

32- Debtor also believes that Judge Lau who was the presiding Judge on this case for the post discharge

motions use to work for Arthur Birnbaum who is of counsel to Jeffrey Saltiel which was never disclosed

to the Debtor through out the Hearing which could have brought to bias decision in favor of the

discharged administrator. (**Exhibit Q**)

33- Debtor believes that according to a ruling from State Supreme Court on O'Neil Vs. City of New York A New York State Civil Housing Court cannot remove any Department of Finance liens which once the Funds were paid to the contractors that payment became a lien to the Department of finance which even Though the Administrator violated the court order the funds that were paid are on the Department of Finance to which the court has no jurisdiction on

34- Debtor therefore preys that an order vacating the Judgment is Granted and Temporary Restraining Order Is Granted pending the hearing and outcome of the trail.

Yair Israel Babayoff

Sworn to before me this
20th day of October, 2009

_____
Notary Public

ARIEL KLESTZICK
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN QUEENS COUNTY
REG. # C1KL6209709
MY COMM. EXP. AUG. 3, 2013